UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU,** a Florida corporation,

*Plaintiff,*

vs.

**BLUE CROSS AND BLUE SHIELD OF TEXAS,** a Texas corporation

*Defendant.*

_____/

Case No.:

Judge: Hon.

## COMPLAINT FOR (1) THEFT of SERVICES, (2) QUANTUM MERUIT

### General Facts and Background

Comes Now, WORLDWIDE AIRCRAFT SERVICES, INC., d/b/a JET ICU, a Florida corporation ("JET ICU"), pursuant to the Federal Rules of Civil Procedure and hereby files this complaint against defendant BLUE CROSS AND BLUE SHIELD OF TEXAS, a Texas corporation ("BCBSTX") as follows:

1. Plaintiff WORLDWIDE AIRCRAFT SERVICES, INC. is and was at all times mentioned herein, a Florida corporation with its principal place of business in Hillsborough County, Florida. Accordingly, venue is proper in this judicial district. Said Plaintiff does business as "JET ICU" and will be referred to hereinafter as "JET ICU."

2. JET ICU is and was at all times mentioned herein, a health care provider licensed by the State of Florida to provide air ambulance services. JET ICU provides air

transport, via fixed-wing jet aircraft that are crewed by trained Advanced Life Support ("ALS") medical personnel, for critically ill and injured patients to medical facilities able to treat their conditions. JET ICU must purchase or lease, periodically inspect, and repair their aircraft in accordance with federal law; maintain a qualified flight crew, medical staff and technicians; and incur other associated costs to meet the demands of emergency services. JET ICU's operations as a provider of medical air transport services subject it to state and federal laws and regulations that impose additional costs, expenses, and fees. Additionally, JET ICU provides or procures ancillary ambulance services such as ground ambulance(s), helicopter ambulance(s), and water ambulance(s) to support its mission and services as needed.

3. Defendant BLUE CROSS AND BLUE SHIELD OF TEXAS (hereafter "BCBSTX") was at all times mentioned herein, and now is a health plan/health insurer providing certain benefits to eligible insureds or members under or through the name Blue Cross and Blue Shield of Texas. BCBSTX is a Texas corporation with its principal place of business in Richardson, Texas.

## Jurisdiction and Venue

4. Jurisdiction is proper in this District Court based on diversity jurisdiction pursuant to 28 USC §1332 in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

5. Pursuant to 28 USC §13991 venue is proper in this District Court in that a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, and Defendant's

parent corporation, Health Care Service Corporation, is registered with the Florida Secretary of State as doing business in Florida and is therefore subject to this court's jurisdiction

## Facts

6. As of May 9, 2019, BCBSTX's member/insured/beneficiary with initials T.R. (hereafter "Patient" or "T.R.") was a participant or member of BCBSTX and was eligible for benefits thereunder.[1]

7. On or about May 9, 2019, Patient was afflicted with an emergency condition as defined by federal law, namely, that Patient reasonably believed they were in imminent risk of life or limb.

8. As a result of Patient's condition, Patient required, at the request of Patient's then treating physician, immediate air medical transport for appropriate, necessary, and urgent treatment and a higher level of specialized care.

9. In accord with industry standards and good professional practice, Patient was transported in multiple stages. First, Patient was transported via ALS ground ambulance from the discharging facility in Mexico to the awaiting jet aircraft. Patient was then flown back to the United States. Finally, upon arrival in Houston, Texas, the Patient was once again transported via ALS ground ambulance from the aircraft to the receiving facility for emergency treatment. The instant Complaint concerns JET ICU's claims for

---

[1] Pursuant to the privacy provisions of the federal Health Insurance Portability & Accountability Act ("HIPPA"), JET ICU has limited its disclosure of the identity of T.R., BCBSTX participant and patient.

both ALS ground ambulances and the air portion of the transport. JET ICU's billed charge for this claim was $205,865.00, which constituted usual, customary, and reasonable charges and the reasonable value of these services.

10. Plaintiff is informed and believe and based thereon allege that BCBSTX knew, or reasonably should have known about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law.

11. At the time services were provided, JET ICU did not have a pre-negotiated contract with BCBSTX and was not part of BCBSTX's provider network.

12. Plaintiff is informed and believes, and based thereon alleges that the BCBSTX knew that JET ICU did not have a pre-negotiated contract with BCBSTX and was not part of the BCBSTX's provider network, and that JET ICU would charge its usual and customary rate for air ambulance services.

13. JET ICU billed defendants and/or their agent(s) for services rendered, by submitting to BCBSTX a Health Insurance Claim Form 1500 and other documents necessary to process JET ICU's request for payment from defendant. The amount billed represented JET ICU's own usual and customary rate.

14. Defendant failed to pay JET ICU's charges for the transport of the Patient by ground and air ambulances for the necessary higher level of care.

15. All conditions precedent to this action have been performed, waived, or otherwise satisfied.

## COUNT ONE
### (THEFT OF SERVICES, FL Stat., ch. 772.11 by JET ICU against the defendant)

16. JET ICU incorporates herein by this reference as though fully set forth herein.

17. Thirty days ago, or more, Plaintiff sent written pre-suit notice to Defendant BCBSTX, pursuant to FL Statutes, Ch. 772.11(1). A copy of Plaintiff's pre-suit notice is attached hereto as EXHIBIT A and incorporated by this reference.

18. As alleged herein, JET ICU rendered ground and air ambulance services to transport the Patient from Mexico back to the United States. Patient was insured by BCBSTX at time of services, and Jet ICU's services inured to BCBSTX'S direct benefit.

19. BCBSTX had a duty under contract and/or law to provide, arrange for, and/or cover and insured Patient for emergency services including ground and air ambulance services. BCBSTX knew, or reasonably should have known, that JET ICU was providing air ambulance transport for Patient, which BCBSTX was obligated to cover or insure.

20. BCBSTX had a duty under Florida law to not commit theft of services, which duty arises under Florida statute including, but not limited to Florida Statutes §812.014.

21. Plaintiff submitted a claim for reimbursement to BCBSTX, for which BCBSTX paid Plaintiff nothing on any portion of the transport. As of the date Plaintiff submitted its claim, BCBSTX had actual knowledge that the services had been rendered to its insured Patient, to BCBSTX's direct and financial benefit.

22.     BCBSTX failed to pay JET ICU the reasonable value of its services.

23.     In failing to pay JET ICU for services rendered to Plaintiff, BCBSTX acted with the intent, or in reckless disregard, to convert and obtain JET ICU's services without paying for them.

24.     Plaintiff's charges for the reasonable and customary value of its services in providing ground and air ambulance services from Mexico to the United States, is $205,865.00. BCBSTX received the value of these services provided to Patient. JET ICU alleges that this amount constitutes the reasonable and customary value of the services provided. BCBSTX has and continues to refuse to pay for the reasonable value of these services.

**WHEREFORE,** Plaintiff respectfully requests this Court award treble damages, attorney's fees, and costs to the extent permitted by Section 772.11 or state or federal law at the time of trial and for any such relief the court deems necessary, just, and equitable

### COUNT TWO
### (QUANTUM MERUIT)

25.     JET ICU incorporates herein by this reference the preceding paragraphs as though fully set forth herein.

26.     As alleged herein, JET ICU, in good faith, rendered emergency healthcare services, ground and air ambulance transport, as defined under federal and/or state law, to transport the Patient. Patient was reasonably at risk of life or limb.

27. BCBSTX had an obligation under contract or state or federal law to provide emergency care including, but not limited to ground and air ambulance services.

28. JET ICU provided services to Patient pursuant to Patient's physician or healthcare provider's direction that such services were medically necessary and emergent.

29. BCBSTX was aware, or reasonably should have been aware, that Patient required emergency ground and air ambulance transport. BCBSTX was likewise aware, or reasonably should have been aware, that JET ICU was the air ambulance provider chosen by Patient and/or Patient's then-treating physician/provider.

30. JET ICU did, in fact, render emergency air and ground ambulance transport services to Patient. JET ICU billed BCBSTX in the amount of $205,865.00. JET ICU's billed charges are its usual and customary charges for its services. JET ICU's billed charges are the reasonable, customary, and fair market value for the services provided.

31. BCBSTX is obligated to provide Patient emergency care coverage including but not limited to ground and air ambulance services. BCBSTX'S obligation to actually provide this specific coverage is, inter alia, a condition of its licensee to sell insurance under the laws of the state(s) in which it is licensed. BCBSTX'S license(s) to sell insurance constitutes a significant, if not predominant, economic value of BCBSTX. BCBSTX, therefore, received a significant economic benefit from JET ICU's rendition of services to Patient.

32. BCBSTX failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services.

**WHEREFORE**, Plaintiff JET ICU respectfully prays for judgment against BCBSTX for:

1. Reasonable value of services rendered;

2. Disgorgement of the reasonable value of services rendered and all ill-gotten gain;

3. For damages, to the extent permitted by state or federal law at time of trial;

4. For treble damages on COUNTS ONE only, to the extent permitted by state law at time of trial;

5. For attorney's fees and costs to the extent permitted by Section 772.11 or state or federal law at time of trial;

6. For any other such relief the Court deems necessary, just, and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all causes of action so triable.

Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff Worldwide Aircraft Services, Inc. d/b/a Jet ICU*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the Defendant, BLUE CROSS AND BLUE SHIELD OF TEXAS's Agent *Corporation Service Company*, 211 East 7th Street Suite 620, Austin, TX 78701-3218, on November 13 ,2024.

*[signature]*

Michael Brannigan, Esq.
The Law Office of Michael Brannigan P.A.
Florida Bar No. 0075256
1511 N. Westshore Blvd Ste 650,
Tampa, FL 33607
MichaelBrannigan@jeticu.com
Legal@jeticu.com
(352) 796-2540
(352) 796-2549 (fax)

*Counsel for Plaintiff Worldwide Aircraft Services, Inc. d/b/a JetICU*