## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| Worldwide Aircraft Services, Inc., d/b/a JET ICU, | Case No. 8:24-cv-2644-KKM-AAS |
| Plaintiff, | Honorable Kathryn Kimball Mizelle |
| v. | |
| Blue Cross and Blue Shield of Texas, | |
| Defendant. | |

## BLUE CROSS AND BLUE SHIELD OF TEXAS'S
## MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6) and Local Rule 3.01(a), and supported by the accompanying Memorandum of Law, Defendant Blue Cross and Blue Shield of Texas, a division of Health Care Service Corporation, a Mutual Legal Reserve Company ("BCBSTX") respectfully moves to dismiss with prejudice Plaintiff Worldwide Aircraft Services, Inc., dba JET ICU's ("JET ICU") Second Amended Complaint ("SAC," at ECF No. 16) for (i) lack of personal jurisdiction, and (ii) failing to state a claim on which relief can be granted. BCBSTX also seeks its reasonable attorney's fees and court costs under Fla. Stat. § 772.11(1).

DATED this the 20th day of December, 2024.

*Martin J. Bishop*

**Martin J. Bishop** (SBN 14996)
mbishop@reedsmith.com
**Jason Mayer** (*pro hac vice*)
jmayer@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

**Alexis Hammond** (SBN 1050572)
alexis.hammond@reedsmith.com
**REED SMITH LLP**
200 S Biscayne Blvd, Suite 2600
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

*Counsel for Defendant Blue Cross and Blue Shield of Texas*

<u>**MEMORANDUM OF LAW**</u>

## I.    INTRODUCTION

This is one of several actions that JET ICU, an air ambulance provider, filed against various health care payors after the payor did not cover what JET ICU charged for transport services provided to a member/insured. *See* ECF No. 13. In this case, on May 9, 2019, JET ICU transported a patient with BCBSTX health care coverage from Mexico to Texas, but BCBSTX did not cover the services. JET ICU now brings claims against BCBSTX for (1) theft of service pursuant to Fla. Stat. § 772.11 and (2) quantum meruit. The Court should dismiss this action and award BCBSTX its fees and costs for the following reasons:

*First*, **Plaintiff fails to allege facts showing that this Court has personal jurisdiction over BCBSTX**. There is no general jurisdiction because BCBSTX is not incorporated, headquartered, or otherwise "at home" in Florida. There also is no specific jurisdiction because JET ICU's claims do not arise out of or relate to BCBSTX's contacts with Florida.

*Second*, **JET ICU fails to state a claim for civil theft (Count I).** As this district held less than two months before JET ICU filed this action, the Airline Deregulation Act preempts its claim for civil theft because (1) JET ICU is an "air carrier," and (2) its claim for civil theft relates to the price of an "air carrier." *Worldwide Aircraft Servs. v. Conn. Gen. Life Ins. Co.*, 8:24-cv-01604-WFJ-CPT, 2024 U.S. Dist. LEXIS 165976, at *7-8, 10-13 (M.D. Fla. Sep. 16, 2024). JET ICU also has not and cannot state a claim for civil theft because (1) the statute does not

apply to actions committed beyond the territory of Florida, and (2) civil theft is inapplicable where, as here, JET ICU is merely complaining of a debt owed by BCBSTX. Because JET ICU brought its civil theft claim without substantial legal support, BCBSTX is entitled to its reasonable fees and costs. Fla. Stat. § 772.11(1).

**Third**, **JET ICU fails to state a claim for quantum meruit.** To the extent JET ICU relies on an implied-in-law contract, (1) the Airline Deregulation Act preempts the claim, and (2) JET ICU also cannot bring such a claim for services it rendered to a patient and not to BCBSTX. To the extent JET ICU relies on an implied-in-fact contract, the claim (1) lacks consideration because BCBSTX's only inducement to pay JET ICU for transporting the patient from Mexico to Texas was due to a preexisting duty (*e.g.*, the patient's health plan), and (2) lacks mutual assent because there are no facts plausibly showing that BCBSTX agreed to pay JET ICU anything (much less over $200,000) for the transport.

For these reasons, the Court should dismiss the SAC with prejudice and award BCBSTX its reasonable fees and costs.

## II.    BACKGROUND

### A. THE PARTIES

JET ICU is an air and ground ambulance provider incorporated in Florida and based in Hillsborough County, Florida. SAC at 1-2 (¶¶ 1-2), 5 (¶¶ 10-11), 9-10 (¶¶ 29-30).[1]

---

[1] JET ICU's allegations do not follow consecutive numbering. *See, e.g.*, SAC at 3 (going from ¶ 8 to ¶ 3), at 5-6 (going from ¶ 12 to ¶ 9), at 6 (going from ¶ 11 to ¶ 13), at 10 (going from ¶ 31 to ¶ 12

BCBSTX is a division of Health Care Service Corporation ("HCSC") with an office in Richardson, Texas. *See* SAC at 2 (¶ 3), 3 (¶ 5), 5-6 (¶ 12), 10 (¶ 31).[2] BCBSTX administers and insures health benefit plans and health insurance policies for individuals, families, government employees, and private employers throughout Texas. *See id.*; *see also Who We Are*, BCBSTX, available at https://www.bcbstx.com/company-info/about/who-we-are.

### B. NATURE OF THE DISPUTE

JET ICU alleges that on or about May 9, 2019, it provided ground and air transport services from Mexico to Houston, Texas, for a "Patient." SAC at 3-4 (¶ 3), 6 (¶ 13), 8 (¶ 22), 10-11 (¶ 32). At the time, Patient allegedly had health care coverage through BCBSTX. *Id.* at 3 (¶ 6), 6 (¶ 9), 10 (¶ 12). JET ICU asserts that it "is informed and believe[s] . . . BCBSTX knew, or reasonably should have known about the need to transport Patient" but does not allege what informs this supposed belief. *See id.* at 4 (¶ 4), 7 (¶ 14), 11 (¶ 33).

JET ICU was not in BCBSTX's network, and the parties had no contract setting forth an agreed upon rate for when JET ICU provides medically necessary covered services to BCBSTX members like Patient. *See* SAC at 4 (¶¶ 5-6), 7 (¶¶ 15-16), 11 (¶¶ 34-35).[3] JET ICU subsequently billed BCBSTX its charges

---

and from ¶ 14 to ¶ 32). To avoid confusion, BCBSTX cites to the relevant page numbers and the misnumbered paragraphs.

[2] JET ICU incorrectly alleges that BCBSTX is "a Texas corporation" and that HCSC is BCBSTX's "parent corporation." *Compare* SAC at 2 (¶ 3), 3 (¶ 5) *with, e.g., Tex. Spine & Joint Hosp., Ltd. v. Blue Cross & Blue Shield of Tex.*, No. 6:14-cv-952-JDL, 2015 U.S. Dist. LEXIS 192514, at *2, n.2 (E.D. Tex. May 28, 2015).

[3] BCBSTX disputes that JET ICU provided medically necessary covered services to Patient here.

($205,865.00) for the transport services it provided to Patient from Mexico to Texas. *See id.* at 3-4 (¶ 3), 4 (¶ 7), 6 (¶ 13), 7 (¶ 17), 10-11 (¶ 32), 11 (¶ 36).[4] JET ICU alleges that "BCBSTX had a duty under contract and/or law to . . . cover and insure [ ] Patient for emergency services including ground and air ambulance services," but BCBSTX did not cover JET ICU's services. *Id.* at 8 (¶¶ 23, 25), 12 (¶ 40), 13 (¶ 45).

In the SAC, JET ICU bring two causes of action for (1) civil theft pursuant to Fla. Stat. § 772.11 and (2) quantum meruit. *See* SAC at 5-15.

## III.    STANDARD OF REVIEW

### A.    RULE 12(b)(2)

A party may move to dismiss an action due to lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). A plaintiff who brings an action against a nonresident defendant "'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *See Prunty v. Arnold & Itkin LLP*, 753 F. App'x 731, 734 (11th Cir. 2018) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). Where, as here, "a plaintiff fails to include sufficient allegations in his complaint to establish a prima facie case of personal jurisdiction, a defendant may assert a facial challenge to the complaint." *Ramirez v. Grp. Servs., Inc.*, No. 6:16-cv-1831-Orl-37KRS, 2017 U.S. Dist. LEXIS 95265, at *4 (M.D. Fla. June 20, 2017). The Court should dismiss the action if the plaintiff fails

---

[4] Unlike pre-negotiated rates, air ambulance provider charges are "inflated," "non-market-based rates" stemming from the "market failure" of the surprising billing industry, H.R. Rep. No. 116-615, at 53, 57 (2020). Health care providers establish their charges "with the clear expectation they will be paid only a portion of them." *Gunn v. McCoy*, 554 S.W.3d 645, 673 (Tex. 2018).

to plead sufficient facts showing there is personal jurisdiction over the defendant. *See, e.g.*, *Shaunnessey v. Monteris Med., Inc.*, 554 F. Supp. 2d 1321, 1325-26 (M.D. Fla. 2008).

### B. Rule 12(b)(6)

A party may also seek dismissal due to a plaintiff's failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Garrett-Alfred v. Facebook, Inc.*, 540 F. Supp. 3d 1129, 1137 (M.D. Fla. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint that merely alleges a "possible" or "conceivable" claim for relief is insufficient. *Iqbal*, 556 U.S. at 679-80 (quoting *Twombly*, 550 U.S. at 570) (quotations omitted)). Instead, a plaintiff must allege sufficient factual matter that ***shows*** it is entitled to relief.  *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)).

## IV.   ARGUMENT

### A. JET ICU Fails to Allege Facts Showing That the Court Has Personal Jurisdiction over BCBSTX (Rule 12(b)(2)).

To establish personal jurisdiction, JET ICU must plead facts showing jurisdiction is appropriate pursuant to (1) Florida's long-arm statute and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203-04 (11th Cir. 2015). Florida's long-arm statute permits courts to exercise personal jurisdiction over a defendant if the court has general jurisdiction pursuant to Fla.

Stat. § 48.193(2) or specific jurisdiction pursuant to Fla. Stat. § 48.193(1). *See id.* Similarly, the Constitution applies the concepts of general and specific jurisdiction. *See id.* JET ICU has not shown either form of jurisdiction applies here.

### 1. __JET ICU Cannot Establish General Jurisdiction.__

For general jurisdiction, Florida's long-arm statute "extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." *Carmouche*, 789 F.3d at 1204 (citation and internal quotations omitted); *see* Fla. Stat. § 48.193(2). Under the Constitution, general jurisdiction arises if the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Carmouche*, 789 F.3d at 1204 (quoting *Goodyear Dunlop Tires Oper. v. Brown*, 564 U.S. 915, 919 (2011)). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014)). A corporation's place of incorporation and its principal place of business are "paradigm all-purpose forums." *Id.* And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases. *Id.*

Here, JET ICU does not and cannot allege any facts showing that BCBSTX is "essentially at home" in Florida. BCBSTX is a division of HCSC that operates in Texas. *See* SAC at 2 (¶ 3), 5-6 (¶ 12), 10 (¶ 31). HCSC is an Illinois corporation with its principal place of business in Illinois. *See, e.g.*, *Tex. Spine & Joint Hosp., Ltd.*

*v. Blue Cross & Blue Shield of Tex.*, No. 6:14-cv-952-JDL, 2015 U.S. Dist. LEXIS 192514, at *2, n.2 (E.D. Tex. May 28, 2015) ("Blue Cross and Blue Shield of Texas is a division of Health Care Service Corporation, a Mutual Legal Reserve Company, with its principal place of business located in Chicago, Illinois."); *Hesse v. Blue Cross Blue Shield of Texas*, No. 4:11CV362, 2011 U.S. Dist. LEXIS 102012, at *5-6 (E.D. Tex. Aug. 15, 2011) ("It is clear that [BCBSTX] is a division of HCSC, an Illinois corporation, with its principal place of business in Illinois[.])" (emphasis added). None of these facts can support general jurisdiction.

JET ICU's only allegation regarding BCBSTX's connection to Florida is that HCSC "is registered with the Florida Secretary of State as doing business in Florida and is therefore subject to this court's jurisdiction." SAC at 3 (¶ 5). But the Eleventh Circuit made clear that registering to do business in Florida is not sufficient to establish personal jurisdiction over a defendant. *See Waite v. AII Acquisition Corp.*, 901 F.3d 1307, 1318, 1321-22 (11th Cir. 2018) (court did not have personal jurisdiction over a defendant that was registered to do business in Florida, maintained an agent to receive service of process in Florida, built a plant in Florida, and arguably "conducted significant business in Florida"). JET ICU has not and cannot allege sufficient facts to support general jurisdiction over BCBSTX.

## 2. **JET ICU Fails to Establish Specific Jurisdiction.**

Under Florida's long-arm statute and the Constitution, a defendant is subject to specific jurisdiction if the claim arises out of or relates to the defendant's contacts with Florida. *See* Fla. Stat. § 48.193(1); *see also Carmouche*, 789 F.3d at

1203-04. To show specific jurisdiction, JET ICU must demonstrate a "direct causal relationship among the defendant, the forum, and the litigation." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010). "[I]t is the defendant's conduct" – and not the plaintiff's – "that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

Here, JET ICU has not shown a "direct causal relationship" between BCBSTX's conduct, Florida, and this action. *Fraser*, 594 F.3d at 850. JET ICU's action arises out of and relates to services that JET ICU provided for Patient in Mexico and Texas. SAC at 3-4 (¶ 3), 6 (¶ 13), 8 (¶ 22), 10-11 (¶ 32). Patient had health care coverage with BCBSTX, which operates in Texas. *Id.* at 2 (¶ 3), 3 (¶ 6), 5-6 (¶ 12), 6 (¶ 9), 10 (¶¶ 31, 12). And JET ICU billed and sought payment from BCBSTX, which again, operates in Texas. SAC at 2 (¶ 3), 3-4 (¶ 3), 4 (¶ 7), 5-6 (¶ 12), 6 (¶ 13), 10 (¶ 31), 10-11 (¶ 32), 11 (¶ 36).

The fact that JET ICU is a Florida company and demanding payment in Florida cannot create specific jurisdiction. SAC at 1 (¶ 1), 5 (¶ 10), 9 (¶ 29). "[T]he plaintiff cannot be the only link between the defendant and the forum . . . a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 285-86. Moreover "courts have consistently determined that the place of payment does not confer specific jurisdiction under Florida's long-arm statute." *Ferenchak v. Zormati*, 572 F. Supp. 3d 1284, 1293 (S.D. Fla. 2021) (collecting cases). JET ICU's residence and demand for payment in Florida does not create specific jurisdiction over BCBSTX.

Nor does HCSC's registration to do business in Florida. Merely registering to conduct business in Florida does not "arise out of or relate to" a defendant's contacts with Florida. *See Stevenson v. Cyprus Amax Minerals Co.*, No. 6:17-cv-417-Orl-40DCI, 2018 U.S. Dist. LEXIS 114193, at *9 (M.D. Fla. July 10, 2018); *see also SERIES 44, LLC v. Great Am. Ins. Co.*, No. 20-24094-CIV-ALTONAGA/Torres, 2021 U.S. Dist. LEXIS 257821, at *8-11 (S.D. Fla. June 11, 2021) (allegations that defendants were registered to do business in Florida and paid direct premiums and incurred losses in Florida did not confer specific jurisdiction for failure to reimburse claims in Florida under the long-arm statute).

Because BCBSTX is not "essentially at home" in Florida, and JET ICU's claim does not arise out of or relate to any of BCBSTX's contacts with Florida, JET ICU has not shown that the Court has personal jurisdiction over BCBSTX. *See Daimler AG*, 571 U.S. at 136; *Walden*, 571 U.S. at 285. The Court should dismiss this action pursuant to Rule 12(b)(2).

## B. JET ICU FAILS TO ALLEGE FACTS PLAUSIBLY STATING A CLAIM FOR CIVIL THEFT OR QUANTUM MERUIT (RULE 12(b)(6)).

Notwithstanding its inability to show that the Court has personal jurisdiction, JET ICU also fails to state a claim for relief against BCBSTX.

### 1. <u>JET ICU's Claim for Civil Theft Fails</u> (Count I).

JET ICU's claim for civil theft pursuant to Fla. Stat. § 772.11 fails for several reasons. First, the claim is preempted under the Airline Deregulation Act. Second, civil theft does not apply to actions committed outside Florida, and JET ICU otherwise has not and cannot allege facts stating a plausible claim.

### i.    The Airline Deregulation Act Preempts Count I.

In an analogous case, this district has already held JET ICU's claim for theft of services, brought against another health care payor, is preempted under the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713(b)(1). *See Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *7-8. This Court should follow suit.

When enacting the ADA, Congress found that airline deregulation was necessary to, among other things, encourage, develop, and maintain "an air transportation system relying on actual and potential competition" and place "maximum reliance on competitive market forces." 49 U.S.C. §§ 40101(a)(6), (a)(12). To prevent states from undoing federal deregulation, the ADA has an express preemption provision that prohibits states from "enact[ing] or enforc[ing] a law, regulation, or other provision ***having the force and effect of law related to a price***, route, or service of an air carrier that may provide air transportation. . . ." 49 U.S.C. § 41713(b)(1) (emphasis added). The ADA thus preempts any state laws "having a connection with or reference to airline 'price, rate, routes, or services.'" *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *7 (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992)). Courts must interpret the ADA's preemption provision broadly, encompassing "state enforcement actions having a connection with or reference to airline 'rates, routes, or services.'" *Morales*, 504 U.S. at 384 (quoting 49 U.S.C. § 1305(a)(1)).

As explained by this district, JET ICU's civil theft claim is preempted because (1) JET ICU is an "air carrier," and (2) Florida's civil theft statute is

"related to a price" over which air carriers compete. *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *7-8. First, "courts have uniformly found that air ambulance providers are 'air carriers' subject to the ADA." *Id.* at *8-9 (finding JET ICU is an "air carrier" under the ADA and collecting cases); *see also* SAC at 3-4 (¶ 3), 6 (¶ 13), 8 (¶ 22), 10-11 (¶ 32).

Second, JET ICU's claim for civil theft relates to the price of an "air carrier." *See Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *10-13. The ADA's preemption provision applies "[w]henever a state law has 'the forbidden significant effect' on the prices of an air carrier." *Bailey v. Rocky Mountain Holdings, LLC*, 889 F.3d 1259, 1262 (11th Cir. 2018). With its civil theft claim, JET ICU is not only demanding that the Court compel BCBSTX to pay JET ICU its charges, as well as "treble damages, attorney's fees, and costs" to cover the air transport of Patient. *See* SAC at 3-4 (¶ 3), 4 (¶ 7), 6 (¶ 13), 7 (¶ 17), 9 (¶ 28, Prayer for Relief). Because JET ICU is attempting to use Fla. Stat. § 772.11 to dictate "the reimbursement amount JET ICU can receive for air transportation" of Patient, Count I "has a connection with or reference to JET ICU's price" and is therefore preempted. *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *11-12; *see also* 49 U.S.C. § 41713(b)(1).

### ii.    JET ICU Has Not and Cannot State a Plausible Claim for Civil Theft.

Notwithstanding ADA preemption, JET ICU's civil theft claim fails to state a claim for relief for at least two additional reasons. First, Fla. Stat. § 772.11 does not apply to actions committed beyond the territory of Florida. *See Las Vegas*

*Casino Lines, LLC v. Abbott (In re Las Vegas Casino Lines, LLC)*, 454 B.R. 223, 228-29 (Bank. M.D. Fla. 2011); *accord Talisman Capital Alternative Invs. Fund, Ltd. v. Mouttet (In re Mouttet)*, 2013 Bankr. LEXIS 1525, at *33 (Bankr. S.D. Fla. Apr. 12, 2013). Here, JET ICU complains that BCBSTX, which is in Texas, did not cover air transport services that JET ICU provided for Patient from Mexico to Texas. *See* SAC at 2 (¶ 3), 3-4 (¶ 3), 5-6 (¶ 12), 6 (¶ 13), 8 (¶ 22). Because JET ICU does not plead any facts plausibly showing that BCBSTX committed civil theft in Florida, Count I must be dismissed. *See id.*; *Las Vegas Casino Lines*, 454 B.R. at 228-29.

Second**,** JET ICU also has not and cannot allege facts plausibly showing that BCBSTX is guilty of civil theft. *Iqbal*, 556 U.S. at 678-80. To state such a claim, JET ICU must allege facts showing that BCBSTX "(1) knowingly (2) obtained or used, or endeavored to obtain or use, plaintiff's property with (3) 'felonious intent' (4) either temporarily or permanently to (a) deprive plaintiff of the right or benefit of the property, or (b) appropriate the property to the defendant's own use or the use of another." *Omnipol v. Worrell*, 421 F. Supp. 3d 1321, 1346 (M.D. Fla. 2019) (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009)). When the claim involves money, civil theft is only viable when the plaintiff alleges "specific money capable of identification," such as (1) "where the defendants have stolen or embezzled funds entrusted to them by the plaintiffs for the defendants' own benefit," or (2) "where defendants refuse to return funds owned by the plaintiffs and given to the defendants to hold temporarily in a segregated and

identifiable account." *Frayman v. Douglas Elliman Realty, LLC*, 515 F. Supp. 3d 1262, 1285-86 (S.D. Fla. 2021).

JET ICU does not and cannot meet these requirements. JET ICU does not allege what specific property BCBSTX used that *belonged to* JET ICU. *See Omnipol, A.S. v. Multinational Def. Servs., Ltd. Liab. Col*, 32 F.4th 1298, 1308 (11th Cir. 2022) (dismissal of civil theft claim appropriate "because the complaint fails to identify any specific funds (property) received by [the defendants] that belonged to [plaintiffs]"). JET ICU also does not plausibly allege facts showing how BCBSTX obtained or used, or endeavored to use, JET ICU's property with felonious intent. *See Iqbal*, 556 U.S. at 678-80. Instead, JET ICU merely alleges that BCBSTX "failed to pay" JET ICU its charges when it provided transport services for Patient from Mexico to Texas. *See* SAC at 6 (¶ 13), 7 (¶¶ 17-18), 8 (¶ 26).

"It is well established in Florida that a debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Mercantile Bank v. Crews (In re Crews)*, 2011 Bank. LEXIS 5519, at *26-27 (Bankr. M.D. Fla. Sept. 12, 2011) (collecting cases). Because JET ICU has not and cannot plead a viable claim for civil theft, Count I should be dismissed with prejudice.

### iii.    The Court Should Award BCBSTX Its Reasonable Attorney's Fees and Costs.

Florida's civil theft statute provides, in relevant part, that "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and

appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support." Fla. Stat. § 772.11(1). The standard "is less stringent than the bad faith standard of" Fla. Stat. § 57.105, and "[i]t is unnecessary for the court to find a complete absence of legal and factual support for a civil theft claim before making an award of attorney's fees under section 772.11." *Skubal v. Cooley*, 650 So. 2d 169, 169 (Fla. 4th DCA 1995). Filing an action for civil theft that is "deficient as a matter of law" is sufficient to trigger an award of attorney's fees. *See Gambolati v. Sarkisian*, 622 So. 2d 47, 50 (Fla. 4th DCA 1993) (trial court erred denying fees to prevailing defendant under Fla. Stat. § 772.11; the plaintiff's civil theft claim was without substantial legal support because the claim arose from a debt and breach of contract). That is what JET ICU did here.

At the time it filed this action, JET ICU knew that this district had dismissed with prejudice the civil theft claim it brought against another health care payor due to ADA preemption just two months earlier. *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *14 (dismissing JET ICU's civil theft claim with prejudice). Florida's civil theft statute also does not apply where, as here, the alleged conduct occurred outside of Florida's territory. *Las Vegas Casino Lines*, 454 B.R. at 228-29. And JET ICU's civil theft claim arises from BCBSTX "fail[ing] to pay" JET ICU its charges when JET ICU provided transport services for Patient from Mexico to Houston, *see* SAC at 6 (¶ 13), 7 (¶¶ 17-18), 8 (¶ 26), but "[i]t is well established in Florida that a debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Mercantile Bank*,

2011 Bank. LEXIS 5519, at *26-27 (collecting cases). Accordingly, JET ICU filed its civil theft claim against BCBSTX without substantial legal support, and BCBSTX "is entitled to recover reasonable attorney's fees and court costs." Fla. Stat. § 772.11(1); *see Gambolati*, 622 So. 2d at 50.

### 2. JET ICU Fails to State a Claim for Quantum Meruit (Count II).

Count II is also subject to dismissal. Federal courts may evaluate a quantum meruit claim pursuant to an implied-in-fact or an implied-in-law contract theory. *See Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *15. Regardless of how the Court treats JET ICU's quantum meruit claim, it fails.

#### i. JET ICU Cannot State an Implied-in-Law Contract Claim.

##### a. The ADA Preempts Implied-in-Law Contract Claims.

To the extent JET ICU's quantum meruit claim is one for an implied-in-law contract, the claim is preempted by the ADA. "[C]ourts have been unanimous in finding that implied-in-law contract claims are preempted by the ADA because they are inherently predicated on the lack of a contract and thus involve a state-imposed obligation." *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *16-17 (collecting cases and finding JET ICU's quantum meruit claim is preempted by the ADA to the extent brought as an implied-in-law contract).

In its quantum meruit claim, JET ICU, an "air carrier," complains that "BCBSTX failed to reimburse JET ICU for the reasonable, customary, fair market value of JET ICU's services" and seeks judgment against BCBSTX for the

"[r]easonable value of services rendered." *See* SAC at 13 (¶ 45; Prayer for Relief). JET ICU cannot use a state law implied-in-law contract claim to dictate the "price" for its services. 49 U.S.C. § 41713(b)(1); *Worldwide Aircraft Servs.*, 2024 U.S. Dist. LEXIS 165976, at *16-17. The ADA preempts any such claim. *See id.*

> **b.** <u>JET ICU Cannot State an Implied-in-Law Contract Claim against BCBSTX for Services Rendered to Patient.</u>

Independently, JET ICU fails to state a plausible implied-in-law contract claim because it did not confer a benefit directly on BCBSTX. "Florida courts use the term 'contract implied in law' interchangeably with 'unjust enrichment' and 'quasi contract.'" *Global Network Mgmt., Ltd. v. CenturyLink Latin Am. Sols.,Ltd. Liab. Co.*, 67 F.4th 1312, 1315 (11th Cir. 2023) (citations omitted). To state such a claim, "a plaintiff must directly confer a benefit on the defendant[.]" *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1310 (M.D. Fla. 2009) (collecting cases).

Because health care providers provide services – and confer benefits – to patients, not health care payors, "[c]ourts have repeatedly held that providers cannot bring unjust enrichment claims against insurance companies based on the services rendered to the insureds." *Aventus Health, LLC v. UnitedHealthcare, Inc.*, No. 22-cv-2408-PGB-EJK, 2023 U.S. Dist. LEXIS 237849, at *20 (M.D. Fla. Sept. 8, 2023) (dismissing health care provider's unjust enrichment claim against health care payor) (citation and internal quotations omitted); *accord Abira Med. Labs. v. Blue Cross Blue Shield of Fla.*, 3:23-cv-1092-TJC-SJH, 2024 U.S. Dist. LEXIS 154275, at *9 (M.D. Fla. Aug. 28, 2024). ("By treating an insured, a medical

provider confers a benefit on the insured. The insurer's only role is to pay the claim, if the claim is covered under the insured's policy."); *see also Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co.*, No. 21-62403-CIV-DIMITROULEAS, 2022 U.S. Dist. LEXIS 23253, at *9-10 (S.D. Fla. Feb. 8, 2022) ("overwhelming authority" supported dismissal of unjust enrichment claim brought by a health care provider against health care payor). Indeed, JET ICU alleges that "JET ICU provided services ***to Patient***," not to BCBSTX. SAC at 12 (¶ 41) (emphasis added).

Because JET ICU did not directly confer a benefit on BCBSTX, it cannot sustain an implied-in-law contract claim. *Abira Med. Labs.*, 2024 U.S. Dist. LEXIS 154275, at *9; *Aventus Health*, 2023 U.S. Dist. LEXIS 237849, at *20.

### ii. JET ICU Fails to Allege Facts Plausibly Showing an Implied-in-Fact Contract.

JET ICU also cannot support Count II under an implied-in-fact contract. With an implied-in-fact contract, the terms are inferred from the parties' conduct rather than a written agreement. *Orthopaedic Care Specialists, P.L. v. Aetna Life Ins. Co.*, No.9:22-CV-81904-BER, 2023 U.S. Dist. LEXIS 79974, at *7-8 (S.D. Fla. May 8, 2023) (citations omitted). Like an express contract, an implied-in-fact contract requires an offer, acceptance, consideration, and "sufficient specification to the essential terms." *Id.* at *8 (citation omitted). However, "[t]he standard for pleading and proving an implied-in-fact contract is higher than for proving an express contract . . ." *Id.* at *7-8 (citation omitted). "[M]utual assent to the materials terms" – as demonstrated by the parties' conduct – "is essential." *Id.* at

*8 (citation omitted).

JET ICU cannot show the existence of an implied-in-fact contract for two reasons. First, JET ICU has not and cannot show consideration. Second, JET ICU fails to plausibly allege mutual assent.

        a.    <u>JET ICU's Implied-in-Fact Contract Claim Lacks<br>Consideration.</u>

JET ICU's implied-in-fact contract claim fails because it is not supported by consideration. Consideration is an act, forbearance, or return promise "bargained for and received by a promisor from a promise; that which motivates a person to do something . . ." *1701 Collins Miami Owner, LLC v. Dep't of Revenue*, 321 So. 3d 875, 880 (Fla. Dist. Ct. App. 2021) (quoting *Consideration*, Black's Law Dictionary (11th ed. 2019)). "Under Florida law, the performance of a preexisting duty does not constitute consideration necessary to support a valid contract." *Vanguard Plastic Surgery, PLLC v. Cigna Health & Life Ins. Co.*, No. 0:22-cv-61086-WPD, 2022 U.S. Dist. LEXIS 153182, at *12-13 (S.D. Fla. Aug. 24, 2022) (citations omitted); *accord Orthopaedic Care Specialists*, 2023 U.S. Dist. LEXIS 79974, at *7-8.

To support its quantum meruit claim, JET ICU alleges that it provided transport services to Patient, the "care was covered by the Patient's insurance plan/contract and/or state or federal law," and "BCBSTX had an obligation under contract or state or federal law to provide emergency care[,] including" the services JET ICU provided. SAC at 10-11 (¶ 32), 11 (¶ 33), 12 (¶ 40); *see id.* at 12 (¶ 44) ("BCBSTX is obligated to provide Patient emergency care coverage including but

not limited to ground and air ambulance services."). But BCBSTX's "preexisting duty" pursuant to "Patient's insurance plan/contract and/or state or federal law" cannot constitute consideration for an implied-in-fact contract with JET ICU. *See id.*; *Orthopaedic Care Specialists*, 2023 U.S. Dist. LEXIS 79974, at *7-8; *Vanguard Plastic Surgery*, 2022 U.S. Dist. LEXIS 153182, at *12-13. JET ICU does not (and cannot) plausibly allege that BCBSTX would have agreed to compensate JET ICU for the transport services it provided to Patient but for these preexisting duties. Absent sufficient consideration, there is no enforceable implied-in-fact contract between JET ICU and BCBSTX. *See id.*

> b.    JET ICU Fails to Plausibly Allege Mutual Assent.

With its quantum meruit claim, JET ICU is demanding that the Court compel BCBSTX to pay JET ICU "205,865.00, which constituted [the] usual, customary, and reasonable charges and the reasonable value of JET ICU's services," for transporting Patient from Mexico to Texas. SAC at 10-11 (¶ 32). For an implied-in-fact contract to exist, JET ICU must allege facts plausibly showing that BCBSTX agreed to such terms. *See Orthopaedic Care Specialists*, 2023 U.S. Dist. LEXIS 79974, at *7-8 ("[M]utual assent to the materials terms is essential."). It fails to do so here.

JET ICU alleges that it "is informed and believe[s] . . . BCBSTX knew, or reasonably should have known about the need to transport Patient . . ." SAC at 11 (¶ 33). But JET ICU does not allege any facts explaining what informs this supposed belief. *See id.* For example, JET ICU does not allege that it obtained pre-

authorization from – or even contacted – BCBSTX before transporting Patient from Mexico to Texas. *See id.* And even if JET ICU had sought and obtained pre-authorization for the transport services, that is not enough to establish an implied-in-fact contract. *Orthopaedic Care Specialists*, 2023 U.S. Dist. LEXIS 79974, at *9 (courts "repeatedly held that verification of coverage and pre-authorization of medical services does not constitute an assent to pay a certain amount for those services") (citing supporting cases).

Moreover, JET ICU alleges that "BCBSTX paid Plaintiff nothing on any portion of the transport." SAC at 8 (¶ 25). Given that there are no allegations suggesting that BCBSTX agreed to pay ***anything*** for the transport services, any conclusion that BCBSTX agreed to pay JET ICU its charges of $205,865 to transport Patient is implausible. *See Iqbal*, 556 U.S. at 679-80.[5] For this added reason, the Court should dismiss Count II.

## V.    CONCLUSION

Accordingly, BCBSTX respectfully requests the Court enter an order dismissing this action with prejudice and award such other and further relief as the Court deems just and proper.

---

[5] The fact that JET ICU has multiple cases pending against other health care payors for failing to pay its charges also suggests that payors typically do not agree to pay JET ICU its charges. *See* ECF No. 13.

DATED this the 20th day of December, 2024.

*Martin J. Bishop*
**Martin J. Bishop** (SBN 14996)
mbishop@reedsmith.com
**Jason Mayer** (*pro hac vice*)
jmayer@reedsmith.com
**REED SMITH LLP**
10 South Wacker Drive
Chicago, IL  60606-7507
Telephone: +1 312 207 1000
Facsimile: +1 312 207 6400

**Alexis Hammond** (SBN 1050572)
alexis.hammond@reedsmith.com
**REED SMITH LLP**
200 S Biscayne Blvd, Suite 2600
Miami, FL 33131
Telephone: +1 786 747 0200
Facsimile: +1 786 747 0299

*Counsel for Defendant Blue Cross and Blue Shield of Texas*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the Undersigned certifies that on December 20, 2024, an attempt was made to confer with Plaintiff's Counsel regarding the relief requested, but no response has been received as of the time of filing. In accordance with Local Rule 3.01(g)(3), the Undersigned will continue efforts to contact opposing counsel and will file a supplemental statement by December 26, 2024.

*/s/ Martin J. Bishop*
Martin J. Bishop

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 20, 2024, a true and correct copy of the foregoing was served electronically via the Court's CM/ECF filing system, upon all counsel of record.

_/s/ Martin J. Bishop_
Martin J. Bishop