UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT SERVICES, INC.,
d/b/a JET ICU,

    Plaintiff,

v.                                                   Case No. 8:24-cv-2644-KKM-AAS

BLUE CROSS AND BLUE SHIELD
OF TEXAS,

    Defendant.
_____

## ORDER

Blue Cross and Blue Shield of Texas (BCBSTX) moves to dismiss JET ICU's second amended complaint. Mot. to Dismiss (MTD) (Doc. 24). BCBSTX argues that this Court lacks personal jurisdiction, and that JET ICU fails to state claims. I grant BCBSTX's motion because JET ICU fails to establish that I have personal jurisdiction over its claims.

I. BACKGROUND

JET ICU, a Florida corporation, provides both ground and air ambulance services. Second Am. Compl. (Doc. 16) at 2.[1] BCBSTX is a health insurer. *Id.* In May 2019, JET ICU transported one of BCBSTX's insureds from Mexico to Texas. *Id.* at 3–4. At the time, JET ICU did not have a contract with BCBSTX and was not in BCBSTX's provider network. *Id.* at 4. JET ICU alleges, though, that BCBSTX knew, or reasonably should have known, about the need to transport its insured. *Id.* JET ICU submitted to BCBSTX a bill for $205,865, the usual and customary rate for ambulance services. *Id.* BCBSTX did not pay. *Id.*

As a result, JET ICU initiated this action and pleads civil theft and quantum meruit claims against BCBSTX. *Id.* at 5–13. BCBSTX moves to dismiss these claims. *See* MTD.

II. LEGAL STANDARD

A party may move under Federal Rule of Civil Procedure 12(b)(2) to dismiss for a lack of personal jurisdiction. To have personal jurisdiction over a party, a federal court sitting in diversity must determine if the state's long-arm statute is satisfied

---

[1] Because the paragraphs in JET ICU's second amended complaint are not sequentially numbered, I cite the complaint by page number.

2

and ensure that the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).

## III. ANALYSIS

BCBSTX moves to dismiss because JET ICU fails to allege facts demonstrating personal jurisdiction and to plausibly state a claim for relief. I start and end with BCBSTX's jurisdictional arguments.

### A. Personal Jurisdiction

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "If the defendant submits affidavit evidence contesting the basis for personal jurisdiction, 'the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction.'" *Jekyll Island-State Park Auth. v. Polygroup Macau Ltd.*, 140 F.4th 1304, 1315 (11th Cir. 2025) (quoting *SkyHop Techs., Inc. v. Narra*, 58 F.4th 1211, 1222 (11th Cir. 2023)).

BCBSTX argues that JET ICU has not met its burden. I agree.

1. General Jurisdiction

A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Waite*, 901 F.3d at 1317. JET ICU alleges that Texas, not Florida, is BCBSTX's place of incorporation and principal place of business. Second Am. Compl. at 2.[2]

In "exceptional" cases, "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 571 U.S. at 139 n.19. To decide whether a case is exceptional, a court must consider whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015). For example, in *Perkins v. Benguet Consolidated Mining Co.*, the president

---

[2] From BCBSTX's motion, it appears that JET ICU is mistaken in this allegation. *See* MTD at 3 & n.2; *Texas Spine & Joint Hosp., Ltd. v. Blue Cross & Blue Shield of Tex., a Div. of Health Care Serv. Corp.*, No. 6:14-CV-952-JDL, 2015 WL 13649419, at *1 n.2 (E.D. Tex. May 28, 2015) ("Blue Cross and Blue Shield of Texas is a division of Health Care Service Corporation, an Illinois Mutual Legal Reserve Company, with its principal place of business located in Chicago, Illinois."). Regardless, JET ICU's allegations remain insufficient.

of a Filipino corporation relocated to Ohio during wartime. 342 U.S. 437, 447–48 (1952). In Ohio, the president "kept an office, maintained the company's files, and oversaw the company's activities." *Daimler AG*, 571 U.S. at 129; *see Perkins*, 342 U.S. at 447–48. Because "Ohio was the center of the corporation's wartime activities," *Daimler AG*, 571 U.S. at 130 n.8, the Supreme Court concluded that Ohio had general jurisdiction over the corporation, *Perkins*, 342 U.S. at 447–49.

In-state business alone, on the other hand, ordinarily does not render a case "exceptional." *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) ("[I]n-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state]."); *Daimler AG*, 571 U.S. at 139 n.20 ("[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." (cleaned up)).

JET ICU fails to show anything exceptional about this case. JET ICU does not allege facts showing that Florida is " 'a surrogate' place of incorporation or principal place of business for [BCBSTX]," nor does JET ICU "allege that

[BCBSTX's] leadership was based in Florida or that the company otherwise directed its operations from Florida." *Waite*, 901 F.3d at 1318.

Instead, JET ICU argues that BCBSTX is subject to personal jurisdiction in Florida under the Supreme Court's recent decision in *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023). *See* Resp. (Doc. 27) at 4–6. But rather than announce a new rule, the Supreme Court in *Mallory* applied a century-old precedent, *see Pa. Fire Ins. Co. of Philadelphia v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917), to conclude that Pennsylvania could lawfully require an out-of-state corporation to consent to general jurisdiction in Pennsylvania in exchange for the ability to do business in Pennsylvania, *see Mallory*, 600 U.S. at 134–36. The Eleventh Circuit has already concluded that a foreign corporation does not "consent to the Florida courts' general jurisdiction" when it registers to do business and appoints an agent to receive service of process in Florida. *See Waite*, 901 F.3d at 1321 (rejecting the proposition "that Florida law 'either expressly or by local construction' establishes that a foreign corporation's registration to do business and appointment of an agent for service of process in Florida amounts to its consent to general jurisdiction in the Florida courts" (quoting *Robert Mitchell Furniture Co. v. Selden Breck Const. Co.*, 257 U.S. 213, 216 (1921))); *see also Woodruff-Sawyer &*

6

*Co. v. Ghilotti*, 255 So. 3d 423, 428–29, 428 n.4 (Fla. 3d DCA 2018). In other words, though *Mallory* reaffirms that a consent condition is compatible with the Due Process Clause, a foreign corporation like BCBSTX's "parent corporation," Health Care Service Corporation (HCSC), Second Am. Compl. at 3, does not consent to general jurisdiction when it registers to do business in Florida, *see Est. of Caviness v. Atlas Air, Inc.*, 693 F. Supp. 3d 1271, 1279 (S.D. Fla. 2023) (concluding, in the light of *Waite*, that *Mallory* did not provide a basis for general jurisdiction in Florida).

For these reasons, JET ICU fails to establish general jurisdiction in Florida.

## 2. Specific Jurisdiction

To exercise specific personal jurisdiction over a defendant, a plaintiff must show that both a state's long-arm statute and the Due Process Clause are satisfied. BCBSTX contends that, based on JET ICU's allegations, neither Florida's long-arm statute nor the Due Process Clause authorizes the exercise of specific jurisdiction in this case. MTD at 7–11. I agree with the second contention and do not address the first.

To ensure compliance with the Due Process Clause, courts consider whether: (1) "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's

7

contacts with the forum"; (2) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws"; and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

JET ICU's claims do not "arise out of or relate to" BCBSTX's contacts with Florida. Although a "strict causal relationship between the defendant's in-state activity and the litigation," is unnecessary, this "does not mean that anything goes." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021). Instead, a plaintiff still must demonstrate an "affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (alteration adopted) (quotation omitted). In other words, there must exist a "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co.*, 592 U.S. at 365 (quotation omitted).

As discussed, JET ICU alleges that personal jurisdiction is present because HCSC is registered to do business in Florida. *See* Second Am. Compl. at 3. But—

8

even assuming HCSC's contacts can be imputed to BCBSTX for the purposes of personal jurisdiction—mere registration alone is insufficient to justify the exercise of specific jurisdiction. The same is true concerning the supposedly "significant" evidence of HCSC's transactions in Florida. *See* Resp. at 3. JET ICU cites to portions of BCBSTX's website that advertise a national reach and notes that HCSC has contracted to buy Cigna's Medicare Advantage plan, HealthSpring of Florida. *See id.* at 3–4; *HCSC Approved to Purchased Cigna's Medicare Business in Florida*, AMAC FOUND. (Sept. 16, 2024), https://perma.cc/9UZ8-KCBM.

JET ICU offers nothing, though, connecting its claims to any of these alleged contacts with Florida and provides no explanation of how these contacts "give rise to the liabilities sued on." Resp. at 5 (quotation omitted); *see Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S. F. Cnty.*, 582 U.S. 255, 264 (2017) ("When there is no . . . connection [between the forum and the claim], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."); *Goodyear*, 564 U.S. at 927 ("A corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." (quotation omitted)); *cf. Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) (explaining that "vague and conclusory allegations"

are "insufficient to establish a prima facie case of personal jurisdiction"). Indeed, HCSC's purchase of HealthSpring was approved over five years after the ambulance transportation at issue in this case. *Compare* Second Am. Compl. at 3 (listing May 9, 2019 as the date of the ambulance transportation), *with HCSC Approved to Purchased Cigna's Medicare Business in Florida*, AMAC FOUND. (Sept. 16, 2024), https://perma.cc/9UZ8-KCBM (listing September 11, 2024, as the date Florida's insurance commissioner approved HCSC's acquisition of HealthSpring).

JET ICU then argues that "BCBSTX's liabilities in this case are owed to a Florida plaintiff." Resp. at 5. But precedent forecloses the argument that specific jurisdiction can be predicated on the residence of the plaintiff alone. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); *cf. Herederos De Roberto Gomez Cabrera, LLC v. Teck Res. Ltd.*, 43 F.4th 1303, 1311 (11th Cir. 2022) ("The incidental effects of a defendant's actions are not by themselves sufficient to justify jurisdiction over the defendant in the forum.").

Comparing this case, on the current allegations, to a recent Supreme Court case demonstrates the deficiencies in JET ICU's arguments. *Ford Motor Company* asked whether Montana and Minnesota state courts could exercise jurisdiction over Ford in products-liability actions stemming from in-state car accidents. 592 U.S. at 354–55. Although "the particular car involved" in each crash was not first sold in the forum State, nor was it designed or manufactured there," the Supreme Court concluded that the exercise of specific jurisdiction was constitutional. *Id.* at 355.

The Supreme Court summarized at length the "business that [Ford] regularly conducts in [the forum states]," and concluded, in the light of this commercial activity, that "Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 364–66; *see id.* at 371 ("[R]esident-plaintiffs allege that they suffered in-state injury because of defective products that Ford extensively promoted, sold, and serviced in Montana and Minnesota."). In the light of this systematic service, the Court concluded that "allowing jurisdiction in these cases treats Ford fairly." *Id.* at 367; *see id.* at 367–68 ("In conducting so much business in Montana and Minnesota, Ford enjoys the benefits and protection of their laws . . . . All that assistance to Ford's in-state business creates reciprocal obligations—most relevant

11

here, that the car models Ford so extensively markets in Montana and Minnesota be safe for their citizens to use there." (alteration adopted and quotation omitted)).

JET ICU fails to allege comparable contacts between BCBSTX (or HCSC) and Florida. Therefore, I cannot conclude that BCBSTX (or HCSC) had "fair warning that it may be subject to suit" in Florida concerning JET ICU's claims. *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022). Unlike in *Ford Motor Company*, most, if not all, the relevant events occurred outside the forum state. *Compare* 592 U.S. at 370 (explaining that the plaintiffs, residents of the forum states, "used the allegedly defective products in the forum States" and "suffered injuries when those products malfunctioned in the forum States"), *with* Second Am. Compl. at 3–4 (detailing the transport from Mexico to Texas), *and* MTD at 10 ("JET ICU's action arises out of and relates to services that JET ICU provided for Patient in Mexico and Texas. Patient had health care coverage with BCBSTX, which operates in Texas. And JET ICU billed and sought payment from BCBSTX, which again, operates in Texas." (citations omitted)). As a result, the current record does not evidence a "strong relationship among the defendant, the forum, and the litigation," which is the "essential foundation of specific jurisdiction." *Ford Motor*

12

*Co.*, 592 U.S. at 365 (quotation omitted). BCBSTX's motion to dismiss must therefore be granted.[3]

## IV. CONCLUSION

Accordingly, the following is **ORDERED**:

1. BCBSTX's Motion to Dismiss (Doc. 24) is **GRANTED**. In the light of this order, JET ICU's Motion for Oral Argument on the Motion to Dismiss (Doc. 28) is **DENIED as moot**.

2. No later than **August 11, 2025**, JET ICU may file an amended complaint.

**ORDERED** in Tampa, Florida, on July 28, 2025.

Kathryn Kimball Mizelle
United States District Judge

---

[3] JET ICU argues that BCBSTX's motion to dismiss is estopped by its initial failure to file a Corporate Disclosure Statement that "meet[s] the standards this Court requires to effectively screen cases for potential conflicts." (Doc. 23); *see* Resp. at 2. JET ICU provides no legal support for this argument and, in any case, contrary to JET ICU's contention, BCBSTX's original disclosure statement did not "shield[] its corporate ownership." Resp. at 2; *see* (Doc. 19) at 1 ("BCBSTX is an unincorporated division of Health Care Service Corporation, a Mutual Reserve Legal Company.").