UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WORLDWIDE AIRCRAFT
SERVICES, INC., *d/b/a* JETICU,

     Plaintiff,

v.                                                          Case No. 8:24-cv-2644-KKM-AAS

HEALTH CARE SERVICE
CORPORATION d/b/a BLUE
CROSS AND BLUE SHIELD OF
TEXAS,

     Defendant.

_____

## ORDER

Previously, I granted a motion to dismiss JET ICU's second amended complaint for lack of personal jurisdiction. Order (Doc. 34). JET ICU amended its complaint, 3d Am. Compl. (Doc. 35), and Health Care Service Corporation (HCSC) moves to dismiss, arguing that I lack personal jurisdiction, and that JET ICU fails to state its claims, MTD (Doc. 38) at 3–4. JET ICU opposes. Resp. (Doc. 40). I grant HCSC's motion because the Third Amended Complaint fails to establish personal jurisdiction over HCSC.

### I.     BACKGROUND

JET ICU, a Florida corporation, provides ambulance services. 3d Am. Compl. ¶¶ 1–2. HCSC is a health insurance company based in Illinois. *Id.* ¶ 3.

According to the complaint, HCSC issues health plans under the name Blue Cross Blue Shield of Texas (BCBSTX).[1] *See id.* JET ICU initially filed this suit against BCBSTX, *see* Compl. (Doc. 1); 2d. Am. Compl. (Doc. 16), but thereafter amended to name HCSC "doing business as" BCBSTX as the defendant. *See* 3d. Am. Compl.

In May 2019, JET ICU transported one of HCSC's policyholders (the "Patient") from Mexico to Texas.[2] 3d. Am. Compl. ¶¶ 9–12. At the time, JET ICU did not have a contract with HCSC and was not in HCSC's provider network. *Id.* ¶ 14. JET ICU alleges "that HCSC knew, or reasonably should have known[,] about the need to transport Patient, and that such ground and air ambulance care was covered by the Patient's insurance plan/contract and/or state or federal law." *Id.* ¶ 13. JET ICU does not specify which term of the contract or which law required coverage for the transport. *See id.* JET ICU submitted to HCSC a bill for $205,865, the usual and customary rate for air ambulance services. *Id.* ¶¶ 12, 16. HCSC did not pay. *Id.* ¶ 17.

---

[1] HCSC describes its relationship with BCBSTX differently. *See* MTD at 4 (explaining that HCSC "issues and administers Blue Cross and Blue Shield licensed health insurance policies" through five divisions, including BCBSTX. I conclude that JET ICU failed to make a prima facie case of personal jurisdiction even assuming that JET ICU's factual allegations are true.

[2] The parties disagree over whether to describe the policyholder as a member of HCSC or BCBSTX. *Compare* 3d. Am. Compl. ¶ 9, *with* MTD at 3. For the purposes of this order, I adopt JET ICU's framing.

As a result, JET ICU initiated this action, pleading civil theft and quantum meruit against BCBSTX. *See* Compl. ¶¶ 16–32; 2d Am. Compl. ¶¶ 10–45. BCBSTX moved to dismiss JET ICU's second amended complaint, *see* (Doc. 24), and I granted the motion because I lacked personal jurisdiction, *see* Order.

The Third Amended Complaint is largely the same as the last with only three substantive changes. First, JET ICU names HCSC as the defendant "doing business as" BCBSTX. *See* 3d. Am. Compl. Second, JET ICU adds that "HCSC is contracting to insure persons in the State of Florida through its subsidiary or tradename Health Spring of Florida, Inc." *Id.* ¶ 5; *see* Resp. to First MTD (Doc. 27) at 4–5.

Third, JET ICU adds a cause of action for breach of contract implied in fact. *See id.* ¶¶ 17–32. To that end, JET ICU makes the following allegations: (1) "HCSC has entered into a contract with Jet ICU"; *id.* ¶ 6; (2) "HCSC ha[s] a regular course of dealing in which Jet ICU provides services to HCSC's members and HCSC receives and reimburses Jet ICU's claims"; *id.* ¶ 28; and (3) "[JET ICU] has submitted in excess [of] 80 claims to [HCSC], including its subsidiaries and trade names. . . . HCSC reimbursed Jet ICU in the overwhelming number of cases, in excess of 65%," *id.* JET ICU argues that these facts, coupled with its allegations relating to the Patient, "[m]anifested

Jet ICU and HCSC's agreement that Jet ICU would provide services to HCSC's members in emergency situations" and that "HCSC would reimburse Jet ICU." *See id.* ¶ 29.

Although JET ICU invokes statutes for diversity jurisdiction and venue, it does not cite any law providing personal jurisdiction in its complaint. *See id.* ¶¶ 7–17 ("Jurisdiction and Venue"). Nor does its jurisdiction section contain any new facts. *Compare id.* ¶¶ 7–17 *with* 2d Am. Compl. at 2–4.

Instead, JET ICU offers new factual allegations and legal arguments in its response to the motion to dismiss. *See* Resp. First, JET ICU alleges that HCSC was obligated to pay its debts *in Florida* because of the presumption under Florida law that "debts are to be paid by the debtor [to] the creditor in the state in which the creditor is located." Resp. at 3. ("HCSC has breached its contract . . . by failing to pay its debts, therefore failing to perform acts required by the contract to be performed in [Florida]."). Second, JET ICU avers that HCSC contracts "with Blue Cross and Blue Shield of Florida, Inc." *Id.* at 2–3.

## II.   LEGAL STANDARD

A party may move under Federal Rule of Civil Procedure 12(b)(2) to dismiss for a lack of personal jurisdiction. To have personal jurisdiction over a party, a federal court sitting in diversity must determine if the state's long-

arm statute is satisfied and ensure that the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).

### III.   JET ICU Fails to Establish Personal Jurisdiction

HCSC moves to dismiss because JET ICU fails to allege facts demonstrating personal jurisdiction and to plausibly state a claim for relief. As in my prior order, I start and end with HCSC's jurisdictional arguments.

First, a clarification. I only address JET ICU's new allegations and otherwise incorporate the prior order. Though JET ICU now names HCSC "doing business as" BCBSTX as the defendant, the analysis has not changed. JET ICU repeats the same allegations it made in the Second Amended Complaint, merely replacing the defendant's name. *Compare* 3d. Am. Compl. ¶¶ 9–16, *with* 2d. Am. Compl. at 3–4. Likewise, the prior order considered HCSC's contacts with Florida.[3] *See*, e.g. Order at 7 (considering whether "BCBSTX's 'parent corporation,' " HCSC consented to general jurisdiction by registering to do business in Florida). JET ICU offers no reason why my prior analysis changes with part of the defendant's name. Accordingly, I address only new allegations.

---

[3] In doing so, I assumed without deciding that jurisdiction over the parent could be imputed to a subsidiary.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). "[V]ague and conclusory allegations" do not suffice. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006).

HCSC argues that JET ICU has not met its burden. I agree.

### A. General Jurisdiction

A corporation is subject to general jurisdiction in its place of incorporation and its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *Waite*, 901 F.3d at 1317. In "exceptional" cases, "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Daimler AG*, 571 U.S. at 139 n.19. To decide whether a case is exceptional, a court must consider whether "the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

As before, JET ICU fails to convince that this case is exceptional. JET ICU alleges that "HCSC is contracting to insure persons in the State of Florida through its subsidiary or tradename Health Spring of Florida, Inc." *Id.* ¶ 5. The fact that HCSC contracted to insure someone in the state of Florida at some point does not, alone, make HCSC "at home" in Florida. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) ("[I]n-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . that are unrelated to any activity occurring in [the forum state]."). The same analysis applies to the allegations raised for the first time in JET ICU's response that HCSC contracts with Blue Cross Blue Shield of Florida. *See* Resp. at 2–3. Finally, for similar reasons, forming an "implied contract" with a Florida-based entity does not establish general jurisdiction. Thus, JET ICU fails to establish general jurisdiction in Florida.

### B. Specific Jurisdiction

To exercise specific personal jurisdiction over a defendant, a plaintiff must show that both a state's long-arm statute and the Due Process Clause are satisfied. HCSC contends that, based on JET ICU's allegations, neither Florida's long-arm statute nor the Due Process Clause authorizes the exercise of specific jurisdiction in this case. MTD at 13. I agree with the second contention and do not address the first.

7

To ensure compliance with the Due Process Clause, courts consider whether: (1) "the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; (2) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws"; and (3) "the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

JET ICU "bears the initial burden of alleging *in the complaint* sufficient facts to make out a prima facie case of jurisdiction." *Mazer*, 556 F.3d at 1274 (emphasis added). "[F]acts contained in a motion or brief cannot substitute for missing allegations in the complaint." *Equal Emp. Opportunity Comm'n v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 (11th Cir. 2016) (refusing to consider allegations in a motion for leave to amend a complaint).

Courts in this Circuit have refused to consider jurisdictional facts alleged for the first time in response to a motion to dismiss. *See, e.g.*, *Singh v. Royal Caribbean Cruises Ltd.*, 576 F. Supp. 3d 1166, 1176 (S.D. Fla. 2021) ("Plaintiff cannot assert what is essentially a new jurisdictional allegation, not previously pled, in a response to a motion to dismiss, and the Court need not consider it.") (citation modified); *Rust v. Boswell*, No. 111CV03404JECJFK, 2012 WL

8

12873027, at *2 n.2 (N.D. Ga. June 20, 2012), *report and recommendation adopted*, No. 1:11-CV-3404-JEC-JFK, 2012 WL 12874582 (N.D. Ga. July 11, 2012) ("Any facts alleged and allegations made by Plaintiff for the first time in his response brief will not be addressed by the court.").

Turning to the operative complaint, JET ICU's claims do not "arise out of or relate to" HCSC's contacts with Florida. Although a "strict causal relationship between the defendant's in-state activity and the litigation" is unnecessary, this "does not mean that anything goes." *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351, 362 (2021). Instead, a plaintiff still must demonstrate an "affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation modified). In other words, there must exist a "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co.*, 592 U.S. at 365 (citation modified).

The operative complaint offers no new facts that tie the dispute to Florida. The first new allegation, that HCSC is "operating," having "business ventures," or "having an office" in Florida through Health Spring of Florida, is too vague and conclusory to relate to the transport at issue. *See* 3d. Am. Compl. ¶¶ 4–5; Order at 9; MTD at 14. The remaining allegations fail to show contacts

*with Florida.* For example, JET ICU avers that "HCSC ha[s] a regular course of dealing" in which it reimburses JET ICU. *See* 3d. Am. Compl. ¶¶ 6, 28–29. But JET ICU does not suggest that this "course of dealing" occurred in Florida. Moreover, the allegation of a "regular course of dealing" is too vague to establish a connection to the claims in this case. JET ICU does not specify *when* this "course of dealing" began. *See* 3d. Am. Compl. ¶¶ 28–29. Without knowing whether the parties had a relationship at the time of the incident, the Court cannot conclude that these contacts show it "purposely availed" itself of Florida's laws. The same is true for JET ICU's allegation that "HCSC is contracted with Blue Cross and Blue Shield of Florida, Inc." *See* Resp. at 2–3.

In the same vein, forming an "implied contract" with a Florida corporation does not, standing alone, connect HCSC to the state. *See* 3d. Am. Compl. ¶ 6; *Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."). JET ICU does not assert that the parties formed the contract in the state or that performance was due in the state. *See* 3d. Am. Compl. ¶ 29 (alleging that conduct "[m]anifested Jet ICU and HCSC's agreement" but not specifying where). On the contrary, JET ICU's "performance" of transporting the Patient took place in Mexico and

Texas. *See id.* ¶ 23. As a result, JET ICU fails to offer any new allegations that establish specific jurisdiction.

JET ICU asserts—for the first time in its response—that payment was due in Florida because "[i]t is commonly held that debts are to be paid by the debtor [to] the creditor in the state in which the creditor is located." Resp. at 3. Failure to allege this fact in the Third Amended Complaint precludes its consideration. *See, e.g.*, *Singh*, 576 F. Supp. 3d at 1176. JET ICU was likely aware of this limitation. For support, JET ICU quoted the first half of a sentence from *Williamson v. Prime Sports Marketing, LLC*, which explains the presumption. *See* Resp. at 2 (quoting 314 So. 3d 480, 484 (Fla. 3d DCA 2020)). The second half notes that "the *allegations in the Complaint* say nothing about [where payment is due]." *Id.* (emphasis in the original). As a result, the plaintiff could not rely on the presumption to establish personal jurisdiction. *See id.* (explaining that the complaint must allege "that [defendant] breached by failing to pay a debt in Florida").

Even if I considered the allegation outside the pleadings, "showing that payment must be made in Florida," without more, does not satisfy due process. *Nat'l Air Cargo Grp., Inc. v. UPS Worldwide Forwarding, Inc.*, No. 22-23429-CIV, 2023 WL 3778243, at *6 (S.D. Fla. Mar. 2, 2023) (quoting *Bohlander v. Robert Dean & Assocs. Yacht Brokerage, Inc.*, 920 So. 2d 1226, 1228 (Fla. 3d

11

DCA 2006)); *cf. Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 503 (Fla. 1989) ("[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant."). JET ICU fails to convince that HCSC purposefully availed itself to the jurisdiction of Florida courts by entering an implied contract that triggered a legal presumption to pay a hypothetical future claim in Florida to an entity it may or may not have known existed based on transportation from Mexico to Texas. The circumstances here fall far short of the contacts required for due process. This Court does not have specific jurisdiction over HCSC.

## IV.    CONCLUSION

HCSC moves to dismiss the Third Amended Complaint, and I grant the motion. JET ICU failed to show a prima facie case of jurisdiction. Because I assume that JET ICU's factual allegations are true, oral argument is unwarranted. *See Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 n.6 (11th Cir. 2004) (explaining that "when a defendant moves to dismiss for lack of personal jurisdiction, an evidentiary hearing is not required").

Accordingly, the following is **ORDERED**:

1.    HCSC's Motion to Dismiss (Doc. 38) is **GRANTED**.

12

2.    The Clerk is **DIRECTED** to substitute "Health Care Service Corporation d/b/a/ Blue Cross Blue Shield of Texas" as the defendant in this action.

3.    The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed without prejudice," terminate any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, March 12, 2026.

Kathryn Kimball Mizelle
United States District Judge

13